FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 04 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

-against-

RANDY HUTCHINSON,

        Defendant.
----------------------------------------------x

MEMORANDUM AND ORDER
97 CR 1146 (ILG)

GLASSER, United States District Judge:

On June 21, 1999, the defendant was sentenced to a term of imprisonment for twenty years to be followed by a five year period of supervised release. His sentence followed a plea of guilty to Count 17 of a 22 Count indictment which charged him with conspiring to distribute cocaine and cocaine base (crack). His plea was pursuant to 11 (e)(1)(C) (renumbered as 11(c)(1)(C) in 2002), of the Fed. R. of Cr. P., which provided for the agreed upon sentence in exchange for which the government agreed to dismiss the remaining charges of racketeering, attempted murder and a continuing criminal enterprise. The stipulated sentence was considerably less than a life sentence which would have been imposed had he been found guilty of the crime with which he was charged by a trial jury. The stipulated sentence agreed upon was accepted by the Court in accordance with Rule 11(e)(1)(C). His conviction and sentence was affirmed on appeal in United States v. Williams, 260 F.3d 160 (2d Cir. 2001), cert. denied 535 U.S. 979 (2002). On July 8, 2003, his *pro se* petition pursuant to 28 U.S.C. § 2255 seeking an Order that would correct his sentence was dismissed in a Memorandum and Order, familiarity with which is assumed.

On May 13, 2009, the defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to United States Sentencing Guidelines (U.S.S.G.) § 2D1.1 which lowered the base offense levels applicable to crack. That Amendment was made retroactive effective March 3, 2008 by Amendment 713, U.S.S.G. App. C.

An extended discussion of the essential issue of this motion, namely, whether Hutchinson is eligible for a reduction of sentence under the crack cocaine amendments in accordance with § 3582(c)(2) has been made superfluous by the recently decided United States v. Main, 579 F.3d 200 (2d Cir. 2009). In that case the defendant argued on appeal that the district court erred in denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the U.S.S.G. pursuant to which the sentencing ranges applicable to crack offenses were lowered. The Court held that the district court did not err because it was without authority to reduce his sentence which was dictated by a plea agreement pursuant to Rule 11(c)(1)(C), Fed. R. Cr. P., and not the Guidelines related to crack cocaine. 579 F.3d at 201.

In the course of its opinion, the Court buttressed its holding by citing United States v. Williams, *supra* at 165, which taught that "A district court may accept or reject a Rule 11(e)(1)(C) sentence bargain but may in no event modify it." It made reference to other circuits that have reached similar conclusions "reasoning that a sentence imposed pursuant to Rule 11(c)(1)(C) 'arises directly from the agreement itself, not from the Guidelines'"; that a sentence pursuant to 11(c)(1)(C) is ineligible for section 3582(c)(2) relief. See Main, 579 F.3d at 203. Citations to the cases in the other circuits are omitted. Reference to cases decided by other circuits, however, add little to what this Circuit had

2

already observed as Judge Haden made clear in his concurring opinion in Williams. He made reference there to United States v. Kaye, 65 F.3d 240(2d Cir. 1995), vacated on other grounds, 140 F.3d 86 (2d Cir. 1998), in which Judge Winter wrote: "The Guidelines are mandatory" but "Different considerations may apply where a plea agreement designates a specific sentence. Fed. R. Cr. P. 11(e)(1)C) provides that the government 'may agree that a specific sentence is the appropriate disposition of the case.' We have held that a court may 'accept or reject . . . [but] may not modify' an agreement calling for a specific sentence, <u>even if the sentence does not comport with the Guidelines</u>." (emphasis in original). See 260 F.3d at 170.

That it was the sentence agreed upon by the plea, pursuant to Rule 11(e)(1)(C) and accepted by the Court that was imposed and not the sentence in accordance with the Guidelines is, made explicit by this excerpt from the minutes of the plea proceeding at pages 16-17:

> THE COURT: I would normally explain what the guidelines are all about and what the estimated guidelines in this case might be. That is superfluous because each of you has entered in an agreement with the government . . . [in which the] sentence . . . is agreed upon.
> That the government has accepted the plea agreement pursuant to a particular section of the Criminal Procedure law, sentence which is agreed upon.
>
> * * *
>
> Mr. Hutchinson it is 20 years . . . That is an agreed upon sentence.
>
> Mr. Hutchinson: did you understand that there is an agreed sentence?
>
> Defendant Hutchinson: Yes.

3

In addition to seeking the relief he believes § 3582(c)(2) and U.S.S.G. 1B1.10(c) warrants, the defendant persists in re-litigating issues which have been previously addressed. His view, argued on appeal and rejected there, that the sentence imposed should have been directed to run concurrently with his as yet undischarged state sentence, is presented again as is his claim that his counsel was ineffective in not having negotiated a concurrent sentence. In a Memorandum and Order dated July 8, 2003, familiarity with which is assumed, his claims were rejected.

Given the record of litigation Hutchinson's criminal activity has spawned, it is worth noting that when asked whether he wished to say anything regarding the imposition of sentence, he responded, in part: "I'm not saying that I didn't do anything, it's obvious that you know I'm not trying to deny my responsibility or whatever . . . . I just think that I did something wrong and I should be punished for what I did wrong. And, you know, I just got swayed into evil . . . ."
Tr. at 21.

That confession of wrongdoing prompts a repetition of Judge Friendly's thesis in Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chicago L. Rev. 142 (1970), which was "that with few important exceptions, convictions should be subject to collateral attack only when the prisoner supplements his constitutional plea with a colorable claim of innocence." He then concluded his scholarly discussion, on p. 172 by writing "My submission, therefore, is, that innocence should not be irrelevant on collateral attack. . . To such extent as we have gone beyond this, and it is an enormous extent, the system needs revision to prevent abuse by prisoners, a waste of the precious and limited resources available for the criminal process, and public disrespect for the

judgment of criminal courts."

For the foregoing reasons, his motion is denied.

SO ORDERED.

Dated:      Brooklyn, New York
            December 29, 2009

_____
I. Leo Glasser