UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

                                                ORDER
      v.                                     97-CR-1146

RANDY HUTCHINSON,

                    Defendant.
----------------------------------------------------------x
**GLASSER**, Senior United States District Judge:

       The Defendant has moved this Court for an Order that would terminate his five-year term

of supervised release approximately five months before his term is scheduled to end. [ECF No.

417]. This is the second motion for the same relief sought several years ago, [ECF No. 408],

opposed by the Government, [ECF No. 411], and denied by the Court, [ECF No. 412]. The

Government opposes this motion for essentially the same reasons stated in its opposition to the

first motion, that "early termination is not warranted based solely on a . . . successful completion

of a portion of his supervised release term," with citations to cases supporting that proposition.

       The relevant statutes are understandably broad and implicitly defer to the discretion of

the Court. 18 U.S.C. § 3564(c) provides, in part, that "[t]he court, after considering the factors

set forth in § 3553(a) may . . . terminate a term of probation and discharge the defendant . . . at

any time after the expiration of one year . . . in the case of a felony, if it is satisfied that such

action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C.

§ 3583(e) similarly provides that after considering the § 3553(a) factors "[t]he court may

terminate a term of supervised release . . . at any time after the expiration of one year of

supervised release if it is satisfied that such action is warranted by the conduct of the defendant

and the interest of justice."

If good behavior, reintegration into society, satisfaction of all conditions of supervised release, and resumption of pre-incarceration life do not constitute the exceptional behavior contemplated in the precedents, *see, e.g.*, *United States v. Fenza*, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013), precisely what do the precedents require of the supervisee to be discharged prematurely from supervised release?  The almost formulaic repetition that good behavior and reintegration into society is not enough is reminiscent of the observation of Justice Holmes, dissenting in *Hyde v. United States*, 225 U.S. 347, 391 (1912), that "[i]t is one of the misfortunes of law that ideas become encysted in phrases and thereafter for a long time cease to provoke further analysis."

It is not only the citation to the precedents that have discouraged analysis, but also an expansive reading of the relevant statutes, which authorizes the early termination of supervised release if the conduct of the defendant warrants it, and an unfamiliarity with the legislative history of supervised release.  That legislative history is informative and important. Senate Report No. 98-225, which discusses the inclusion of a sentence of supervised release after imprisonment, clearly states "the sentencing purposes of incapacitation and punishment would not be served by a term of supervised release—that **the primary goal of such a term is to ease the defendant's transition into the community** after the service of a long prison term . . . ." S. Rep. No. 98-225, at 124 (1983) (emphasis added); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) (discussing purpose of supervised release).  Denial of a request for early termination of supervised release by a defendant whose behavior has been good, who has reintegrated into society, and who satisfied all other conditions of supervised release, would suggest that the denial is for punishment and not rehabilitation.

2

Mr. Hutchinson asserts that a termination of supervised release is warranted because he "has changed," and that he has "gone far away from the life he was involved in the late 1990s for which he was sent to prison." The government does not dispute his assertions. They oppose his request with the encysted phrase "that generally good behavior and reintegration into society does not warrant early termination of supervised release." [ECF No. 418], at p. 1.

I have reviewed the § 3553(a) factors; the Defendant's reintegration to society is evidenced not only by his undisputed declaration that he has done so, but by letters on his behalf by Brooklyn Chiefs Youth Organization and Man Up! Inc., two community organizations to which he has volunteered his time and ability. His good conduct, the successful achievement of the objective of supervised release, and the interest of justice warrant the termination of his term of supervised release. His motion is therefore **GRANTED**.

SO ORDERED.

Dated:  Brooklyn, New York
    December 28, 2021

/s/ I. Leo Glasser

I. Leo Glasser
Senior United States District Judge